**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES WALKER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24-cv-2315-SMY** |
| | ) | |
| **FIRST NATIONAL BANK OF WATERLOO and DEBORAH J. VOLMERT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Plaintiff James Walker's Motion for Leave to Proceed *in forma pauperis* (Doc. 4). Under 28 U.S.C. § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Court is satisfied from Walker's affidavit that he is indigent and cannot pay the $400.00 filing fee at this time. He is unemployed and receives $1200 in disability per month. He does not have any additional source of income or money in his bank account. His monthly debts exceed his monthly income. The Court's inquiry does not end there, however, because § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by a plaintiff seeking to proceed IFP.

The Court may dismiss a case if it determines the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763

(7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense"). In conducting a § 1915(e)(2) screening, the Court must determine if the Complaint presents any potentially meritorious factual and legal grounds. The Complaint must contain allegations that go beyond a merely speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, under Rule 8 of the Federal Rules of Civil Procedure, a Complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction, and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a).

Plaintiff makes the following allegations in his Complaint: Plaintiff filed a lawsuit in state court regarding a contract dispute with Defendant First National Bank of Waterloo ("First National"). He was in the hospital on May 15, 2023 when he called Effingham courthouse to let them know he was in the hospital. First National, represented by Defendant Deborah Volmert, got summary judgment in the state court case and failed to send him the motion. Plaintiff appealed the case to the appellate court and the court threw away his motion. Plaintiff lost at the appellate level and appealed to the Supreme Court, which also denied his appeal. Plaintiff alleges his constitutional rights were torts and requests compensatory and punitive damages.

Federal courts are courts of limited jurisdiction. As such, to proceed in federal court, Plaintiff must establish that the Court has subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction

under 28 U.S.C. § 1332. He has not met this burden on the face of the Complaint. Further, Plaintiff's Complaint does not articulate a cognizable claim.

Accordingly, Plaintiff's Complaint is **DISMISSED without prejudice** and his motion to proceed *in forma pauperis* is **DENIED**. All pending motions are **TERMINATED** as **MOOT**.

**IT IS SO ORDERED.**

**DATED: November 5, 2024**

**STACI M. YANDLE**
**United States District Judge**